|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| USROF IV LEGAL TITLE 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>WHITE LAKE RANCH ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 3:15-cv-00477-MMD-CBC<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC,<br><br>Counter-Claimant,<br>v.<br><br>USROF IV LEGAL TITLE 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE; BANK OF AMERICAN, N.A.; JOSE SALAZAR, an individual; and ELVA SALAZAR, an individual,<br><br>Counter-Defendants/Cross-Defendants. | |

**I.    SUMMARY**

This dispute arises from a non-judicial foreclosure sale of real property located at 3969 Kettle Rock Drive, Reno, Nevada 89508 ("Property") to satisfy a homeowners' association lien. Before the Court are Plaintiff/Counter-defendant USROF IV Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee's ("U.S. Bank")

motion to substitute in its place Intervening Plaintiff/Counter-Defendant PROF-2013-M4 Legal Title Trust IV, by U.S. Bank National Association, as Legal Title Trustee ("PROF") and PROF's motion for partial summary judgment ("MPSJ"). (ECF Nos. 82, 83.)[1] For the reasons stated below, the Court grant's the motion to substitute (ECF No. 82). The Court also grants the MPSJ (ECF No. 89) because the Court agrees that Bank of America, N.A. ("BANA") properly tendered the superiority amount.

**II.　BACKGROUND**

The following facts are undisputed unless otherwise indicated.

**A.　Deed of Trust History**

Jose and Elva Salazar ("Borrowers") purchased the Property on February 18, 2009. (ECF No. 83-1.) To purchase the Property Borrowers obtained a $140,160.00 loan ("the Loan") which was secured by a first deed of trust ("DOT"). (*Id.* at 2–3.) The DOT indicated it was a Federal Housing Administration ("FHA") deed of trust, and the related note ("the Note") were also insured by the FHA. (*Id.* at 12.)

The DOT was assigned numerous times, as follows: (1) BANA, as successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loan Servicing, LP, on April 12, 201; (ECF No. 83-2); (2) U.S. Bank National Association by assignment recorded on March 13, 201. (ECF No. 83-3); (3) U.S. Bank by corrective assignment recorded on September 24, 2015 (ECF No. 83-4); (4) PROF -2013-M4 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee, by assignment recorded on October 20, 2016 (ECF No. 83-5); and (5) PROF by recorded assignment on February 15, 2018. (ECF No. 83-6.)

**B.　HOA Lien and Foreclosure**

The Borrowers failed to pay HOA assessments, and the HOA, through its agent Kern & Associates, Ltd. ("Kern"), recorded a notice of delinquent assessment lien against the Property on August 22, 2011, alleging that $863.68 was due. (ECF No. 83-7.) Kern

///

---

[1]In addition to the motions, the Court has considered the accompanying responses (ECF Nos. 85, 88, 89(corrected image)) and replies (ECF Nos. 86, 90).

2

recorded a notice of default and election to sell against the Property on August 27, 2012, indicating an amount due of $2,672.07. (ECF No. 83-8.)

After the HOA's notice was recorded, counsel for BANA, sent Kern a letter, dated September 18, 2012, inquiring as to the actual amount of the nine months of common assessments predating the notice of default and stating "[t]hat amount, whatever it is, is the amount BANA should be required to rightfully pay to *fully discharge its obligations* to the HOA . . . and my client hereby offers to pay that amount upon presentation of adequate proof of the same by the HOA." (ECF No. 83-10 at 6 (emphasis added).)

Kern recorded a notice of HOA foreclosure sale ("HOA Sale") against the Property on April 8, 2013, noting Borrowers owed $4,043.39. (ECF No. 83- 9.) Kern sold the Property to the HOA at the HOA Sale on May 15, 2013 for $300. (ECF No. 83-11.) The HOA subsequently transferred the Property to Counterclaimant, SFR Investments Pool 1, LLC ("SFR"), by quitclaim deed recorded on May 29, 2014. (ECF No. 83-13.)

### C. Complaint & Counterclaim and Cross-claim

U.S. Bank filed the Complaint on September 17, 2015, asserting the following claims: 1) quiet title/declaratory judgment against SFR; (2) Breach of NRS § 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against SFR.

SFR counterclaimed and crossclaimed for quiet title and injunctive relief. (ECF No. 15 at 10.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could

find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV. MOTION TO SUBSTITUTE (ECF NO. 82)**

U.S. Bank moves to substitute PROF as the real party in interest because U.S. Bank no longer has a current interest in the Property or DOT since the last assignment was made to PROF. (ECF No. 82 at 3.) SFR opposes the substitution, contending that the various assignments of the DOT are questionable because neither U.S. Bank nor PROF has produced the original wet-ink signatures for the Note and assignments of the DOT. (ECF No. 85 at 2.).

As discussed *infra*, the Court rejects SFR's position that the assignments to U.S. Bank and PROF are questionable albeit being recorded. Therefore, the Court grants the motion to substitute because PROF is the current holder of the DOT, having been assigned the interest on February 18, 2018. (ECF No. 83-6.) Accordingly, all claims

///

asserted by or against U.S. Bank will be assumed as having been asserted by or alleged against PROF.

**V.     PROF'S MPSJ (ECF NO. 83)**

PROF argues that it is entitled to summary judgment on its claim that the HOA Sale did not extinguish its DOT, for multiple reasons. (ECF No. 83 at 2.) The Court agrees, finding that BANA's tender preserved the DOT. The Court therefore does not discuss numerous counter arguments SFR and the HOA make (*see* ECF Nos. 89 (corrected image), 88), and only addresses the parties' arguments regarding standing and tender.

**A.     Standing**

SFR essentially argues that PROF's[2] quiet title claim fails because PROF lacks standing to challenge the HOA Sale and thus enforce the Note and DOT. (ECF No. 89 at 11–14.) SFR claims that PROF has never had title to the Property based on SFR's own insistence that PROF must prove that both the Note and DOT were properly transferred by producing the "*original or certified copy* of the [DOT], the Note, and each assignment upon which it relies." (ECF No. 89 at 12.) PROF contends it has standing as the recorded beneficiary and assignee of the DOT.[3] The Court agrees with PROF. *See GMAT Legal Title Tr. v. Fitchner*, No. 3:15-cv-00044-HDM-WGC, 2015 WL 7312881, at *3 (D. Nev. Nov. 19, 2015) ("As the beneficiary and assignee of the deed of trust, plaintiff has standing

///

///

---

[2]SFR directs its arguments as against U.S. Bank, however, PROF is the real party in interest, the Court deems the arguments as being asserted against PROF. Interestingly, albeit having opposed the motion to substitute, SFR here contends that "[i]f the Bank is not currently entitled to enforce the [DOT] and [Note], then it is not the proper party to bring this lawsuit making improper any declaration that the Bank's deed of trust was not extinguished." (ECF No. 89 at 11.) But, as concluded *supra*, U.S. Bank has properly moved to substitute PROF as the real property in interest and thus the action is brought by PROF as the current holder of the DOT.

[3]The Court takes judicial notice of PROF's exhibits 1-9, 11, 13, and 14 (ECF Nos. 83-1 through ECF No. 83-7; ECF No. 83-11, ECF No. 83-13, ECF No. 83-14) as matters in the public record as recorded by the Clark County recorder. *See* F.R.E. 201(b)(2); *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). SFR does not object to the documents as matters of public record. (ECF No. 89 at 4.)

to assert the rights held by any of its successors in interest, such as RBS Financial, the beneficiary of the deed of trust at the time of the foreclosure sale.").

The Court disagrees that PROF must provide the original wet ink or certified copy of "the [DOT], the Note, and each assignment upon which it relies." No Nevada law, of which the Court is aware, or the two cases on which SFR appears to rely—*Valezqeuz v. Mortgage Electronic Registration Systems Inc.*, 2:11-cv-576-JCM (RJJ), 2011 WL 1599595, at *2 (D. Nev. Apr. 27, 2011) and *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996)[4]—support such a position. In fact, *Breliant* is inapposite. *Breliant* supports the conclusion that duly recorded interests, like the assignment of the DOT to PROF here, are presumed valid. *Breliant*, 918 P.2d at 318 ("Moreover, there is a presumption in favor of the record titleholder."). Accordingly, the Court finds that as the holder of the DOT here PROF has standing to challenge the HOA Sale and to contend that the DOT has not been extinguished.

**B.   Tender**

PROF argues that it is entitled to summary judgment because BANA provided adequate tender to satisfy the super-priority lien and thus protected the DOT from being extinguished by the HOA Sale. (ECF No. 83 at 13; ECF No. 90 at 8.) The Court agrees. Each of the arguments SFR and the HOA raise in response are unpersuasive.

SFR argues that there was no tender because: (1) PROF did not actually produce any money; (2) the "tender" was not kept good and therefore invalid; and (3) the offer to pay is not effective as against a third-party purchaser because BANA did not record the tender. (ECF No. 89 at 19–22.) The HOA echoes SFRs first argument in response—that BANA did not offer an actual amount for the assessments and never sent the HOA a check for any amount. (ECF No. 88 at 4–5.)

Pertaining to SFR and the HOA's shared argument, the Court finds that the fact that BANA did not produce a check of an actual dollar amount does not render its tender

///

---

[4] *Abrogated on other grounds by Delgado v. Am. Family Ins. Grp.*, 217 P.3d 563, 567 (Nev. 2009), *as recognized by In re Frei Irrevocable Tr.*, 390 P.3d 646, 652 n.8 (2017).

to the HOA insufficient. Although in an unpublished decision, the Nevada Supreme Court has examined the issue and found that an offer, such as BANA's letter/offer, is sufficient tender. *Bank of America, N.A. v. Ferrell Street Trust*, Case No. 70299, 416 P.3d 2018 (Table), 2018 WL 2021560, at *2 (Nev. April 27, 2018) (concluding that BANA's tender was a "perfect tender"—"an unconditional offer to pay the superpriority portion of the lien in full"); *see also Bank of America N.A. v. SFR Investments Pool 1, LLC*, Case No. 70501, 2017 WL 2445278, at *2 (Nev. May 31, 2017) (while not reaching the issue of whether the amount of tender was sufficient, found the same offer by BANA was not conditional: "Bank of America's tender indicated that it represented nine months' worth of HOA assessments and that the HOA's acceptance of the tender would act as a complete resolution of the HOA's superpriority lien. And the supreme court has confirmed that the pre-2015 version of NRS 116.3116 limited the HOA's superpriority lien amount to the amount which Bank of America offered: 'an amount equal to the common expense assessments due during the nine months before foreclosure.'").

This Court finds the state supreme court's *Ferrell* decision persuasive. A tender is an "offer" of payment. 74 Am. Jur. 2d Tender § 22 (2012). To satisfy the superiority lien, the Nevada Supreme Court, relying on 74 Am. Jur. 2d Tender § 22, has explained the tender must be for "payment in full" and "unconditional, or with conditions on which the tendering party has a right to insist." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018) (citing 74 Am. Jur. 2d Tender § 22). Here, BANA made on offer to pay the full amount of assessments—"whatever it is"—to satisfy obligations to the HOA. (ECF No. 83-10 at 6.) The only true condition was that the amount be accepted as fully discharging BANA's debt to the HOA—which BANA had a right to insist on (*id.*).[5] *See, e.g.*, *id.* ("Although Bank of America's

///

---

[5] SFR appears to argue that BANA's offer was conditioned upon adequate proof of the nine-months of assessments. (ECF No. 89 at 20.) However, that position is undermined by the fact that BANA stated it was offering to pay the full assessments—"whatever it is." (ECF No. 83-10 at 6.) Given this language, it appears that any request for

7

tender included a condition, it had a right to insist on the condition . . .."). To be clear, that BANA *offered* to pay the full amount of assessments is enough to satisfy the superiority lien and thereby protect the DOT.[6]

SFR's two other arguments are also unavailing. First, BANA was not required to keep its tender good. *See id.* at 120 *(*quoting Annotation, *Unaccepted Tender as Affecting Lien of Real Estate Mortgage,* 93 A. L. R. 12 (1943)) ("[T]he necessity of keeping a tender good and of paying the money into court has no application to a tender made for the purpose of discharging a mortgage lien."). Second, BANA did not need to record its tender, or other document showing the superiority lien amount had been satisfied. *See id.* at 119–21 (Nev. 2018) (rejecting SFR's argument that Bank of America was required to record its tender).

In sum, the Court finds that the HOA Sale did not extinguish the DOT. Neither SFR nor the HOA provide argument or authority to dissuade the Court from granting summary judgment in PROF's favor. The Court therefore grants the MPSJ and declares that PROF's DOT survived the HOA Sale. The other relief requested (except for injunctive relief) is requested in the alternative. Given that PROF has received the relief it requested, the Court dismisses PROF's remaining claims as moot. The Court also dismisses SFR's counterclaims as moot.

## VI.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines

///

///

---

the actual amount to be disclosed would be merely to aid BANA in writing a check for the amount.

[6]Any new assessments after BANA's tender makes no difference here because there is no indication that the HOA issued a second notice of delinquent assessments. *See Saticoy Bay LLC Series 2141 Golden Hill v. JPMorgan Chase Bank, N.A.*, 2017 WL 6597154, at *1 (Nev. Dec. 22, 2017) (citations omitted) ("Although appellant correctly points out that there were new unpaid monthly assessments at the time of the sale, these new unpaid monthly assessments could not have comprised a new superpriority lien absent a new notice of delinquent assessments.").

that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that U.S. Bank's motion to substitute party (ECF No. 82) is granted.

It is further ordered that PROF's motion for partial summary judgment (ECF No. 83) is granted. The Court declares that the HOA Sale did not extinguish the DOT and the DOT thus continues to encumber the Property. In light of the Court's ruling in favor of PROF that the HOA Sale did not extinguish the DOT, PROF's remaining claims and SFR's counterclaims are deemed moot.

It is further ordered that the Clerk enter judgment in PROF's favor in accordance with this order.

DATED THIS 11th day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE